## Gibbs v. Tyree et al.

Oct. 3, 1941.

C. C. Grassham for appellant.

J. Brandon Price for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging among other things that an actual controversy existed relative to the enforceability of an alleged agreement by the appellee, Robert Tyree, not to renounce the will of his deceased wife, Mollie Tyree, appellant, as executrix and trustee thereof, instituted this action under the provisions of the Declaratory Judgment Act (Civil Code of Practice, Sections 639a—1 to 639a—12 inclusive). Admitting that pursuant to the alleged agreement she had delivered certain personal property to the appellee, Ona J. Gourley, the principal beneficiary of the will, without having had it appraised, and that the appellee, Robert Tyree, was seeking to hold her liable therefor in an action in which the chancellor had sustained a demurrer to the paragraph of her answer and counterclaim and cross-petition pleading that Robert Tyree had no right to renounce the will and that she had acted properly in dispensing with an appraisement, appellant sought by this proceeding to forestall an unfavorable judgment in the prior suit. Included in the prayer is the request that the court advise her as to whether she should defend the suit instituted by Tyree and as to how she should defend. The chancellor held that the pendency of the suit instituted by Tyree operated to abate the present one, and from a judgment dismissing her petition, the executrix has prosecuted this appeal.

Appellant's counsel seeks to avoid the effect of our decisions that an action for a declaration of rights may not be instituted to secure a determination of questions presented for decision in a pending action, by contending that the action filed against the executrix by Tyree is not legally pending because it was instituted within six months of the qualification of the personal represen-

tative in violation of the provisions of Section 428, Civil Code of Practice. It is unnecessary for us to decide whether by demurring generally to the petition in that action before specifically raising the objection that it was prematurely brought, appellant waived that objection, since the error, if any, is subject to review on appeal from such final judgment as may hereafter be entered in that litigation. The fact remains that Tyree's suit is still pending, even though the chancellor may have erred in not dismissing it; and since it is apparent that the pleadings therein raise all of the questions which appellant seeks to have determined in the declaratory judgment proceeding, it would seem that there is no escape from the application of the rule referred to. Jefferson County ex rel. Coleman et al. v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601; Oldham County v. Arvin, 244 Ky. 551, 51 S. W. (2d) 657; Hunt-Forbes Construction Co. v. City of Ashland, 250 Ky. 41, 61 S. W. (2d) 873; Bringardner Lumber Company v. Knuckles, 253 Ky. 292, 69 S. W. (2d) 345.

Appellant's counsel also contends that Section 3847, Kentucky Statutes, and Section 428, Civil Code of Practice, relating to actions for the settlement of estates, were superseded, if not repealed, by the Declaratory Judgment Act, and, if we understand his argument correctly, that a fiduciary should be free at any time to resort to proceedings under the latter because of the express provisions of Section 639a—2 that a fiduciary is entitled to its benefits and the declaration in Section 639a—10 that its purpose is to make the courts more serviceable, and that it should be liberally interpreted and administered to that end. But the chancellor, in dismissing appellant's petition, based his action squarely upon the fact "that the matters and things asked for determination in this case can properly be adjudged in the case of Robert Tyree v. Florence Gibbs, Executrix, etc., No. E-3720, which was pending at the time this action was filed"; and we are unable to find any fault with this ruling, or anything in the letter or spirit of the Declaratory Judgment Act which would justify us in departing from the rule announced in our previous decisions. Hence, without adjudicating any of the issues presented in action No. E-3720, we find it necessary to affirm the judgment appealed from.

Judgment affirmed.