Tennessee Farmers Mutual Insurance Company

*v.*

W. N. Hammond

(*Jackson,* April Term, 1956)

Opinion filed April 27, 1956.

Heathcock, Elam & Cloys, Union City, for appellant.
Miles & Miles, Union City, for appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

The issue to be decided on this appeal appears as follows according to the appellant's "Statement of the Case":

"On August 20, 1955, the Tennessee Farmers Mutual Insurance Company filed against W. N. Hammond in the Chancery Court of Obion County, Tennessee, an original bill seeking a declaratory judgment as to its rights and liabilities under a certain policy of liability insurance issued to the defendant Hammond covering a 1946 four-door sedan, under which the complainant was obligated to pay on behalf of the defendant all sums for which the defendant should become legally liable by reason of bodily injuries and/or property damage within the limits of the policy which were Ten Thousand Dollars ($10,-000.00) for each person and Twenty Thousand Dollars ($20,000.00) for each accident with reference to bodily injury liability and Five Thousand Dollars ($5,000.00) with reference to each accident in regard to property damage liability."

The Tennessee Farmers Mutual Insurance Company filed its original bill in the Chancery Court against the defendant Hammond seeking a declaratory judgment as to its rights and liabilities under its insurance contract, and the facts alleged in the bill which gave rise to a judgment against Mr. Hammond by reason of an automobile accident in which his car was directly involved. The bill recites in detail the circumstances of the acci-

dent in which two ladies suffered severe injuries, to wit, Helen Mansfield and Eva May Mansfield, and that seperate suits were filed by them, and by Walter W. Mansfield on his own behalf and as executor of his wife's estate, Mrs. Eva May Mansfield.

Prior to the bringing of these suits the complainant undertook a settlement of the respective claims for damages resulting in a failure to reach an agreement. The bill makes a full disclosure of the offer of settlement and counter offer by the injured parties and avers that complainant had acted in the utmost good faith by its attorneys and adjusters in its negotiations with the plaintiffs and their attorneys which was without avail.

The bill does not seek a declaratory judgment based upon a construction of the insurance contract but rather as to its liability to the defendant for the amount of the *overage,* that is the difference between the limit of its policy coverage and the total amount of the judgment. The policy of insurance which was issued by the complainant is not ambiguous. As we understand the charges in the bill we are not called upon to construe the policy.

We deem it unnecessary to a decision of the question involved to detail the facts and circumstances which gave rise to these damage suits against Mr. Hammond. His liability in damages for the injuries sustained has been definitely determined. It is no longer an issue. The defendant filed a plea in abatement and denied categorically the charges in the bill. He denied that the complainant is entitled to maintain this suit and could do so only after a judicial investigation of disputed facts. Section 23-1102, T.C.A. Following the foregoing broad averment there is a specific denial of certain charges in the bill, to wit: (1) that the accident occurred as charged in the bill;

(2) that Eva May Mansfield died as the result of a heart condition brought on by bronchial asthma; (3) that the complainant made a careful and detailed investigation of the accident; (4) that the defendant was constantly advised of negotiations for a settlement; (5) that shortly after the institution of the suits for damages that defendant was advised to employ special counsel to defend him; (6) that complainant could not have settled the suits in question within the policy limits. (7) "It is further denied that the complainants exercised good faith in attempting to settle these claims, but on the contrary, it is averred that they were negligent and in bad faith in failing to settle the claims and that they were more interested in the interest of the Tennessee Farmers Mutual Iusurance Company and showed a complete disregard for the interest of the defendant, W. N. Hammond."

It is finally alleged in the plea in abatement that the bill cannot be maintained because it requests the Chancellor to decide "future rights or possible controversies"; that the suit involves the determination of a possible tort action against the complainant.

The Chancellor sustained the foregoing plea, holding that the present suit was premature for the reason that no suit had been filed against it to recover the "overage", and that this is a tort action and not a declaratory judgment case. He furthermore stated in his opinion that right to file the bill was within the sound discretion of the court, whose duty it is, in such cases, to act with caution.

The complainant appealed from the Chancellor's decree and has filed assignments of error, as follows: (1) it was error to hold that the suit was premature; (2)

that it was error to hold the suit should not be maintained because it involved disputed issues of facts; (3) the Chancellor erred in holding that the declaratory judgment should not be entertained because the claim of Hammond was a tort action.

■■ The parties are not in disagreement as to the sound reasons (found in many decisions, as well as by text-writers) which give rise to our declaratory judgment statute. Nor is there any dispute that the courts should act with caution and with sound discretion in entertaining suits of this character. We are of opinion that the act should be liberally construed in favor of the person seeking relief in a proper case to the end that rights and interests be expeditiously determined. *Johnson City v. Caplan,* 194 Tenn. 496, 253 S.W.2d 725; *Cummings v. Beeler,* 189 Tenn. 151, 223 S.W.2d 913.

■ We think it is true also that the court should not act arbitrarily in refusing to entertain such a suit. *Nicholson v. Cummings,* 188 Tenn. 201, 217 S.W.2d 942; *Newsum v. Interstate Realty Co.,* 152 Tenn. 302, 278 S.W. 56; and *Mutual Life Insurance Co. v. Krejci,* 7 Cir., 123 F.2d 594. The Chancellor rested his decision upon *Nicholson v. Cummings* and *Newsum v. Interstate Realty Co., supra,* and quoted from each, as shown by the record, also *Hinchman v. City Water Co.,* 179 Tenn. 545, 167 S.W.2d 986, wherein the Court held:

"The primary purpose of the Uniform Declaratory Judgment Act is the construction of definitely stated rights, status and other legal relations, commonly expressed in written instruments, though not confined thereto. Code 1932, sec. 8835 et seq."

"Courts have a wide discretion under the Uniform Declaratory Judgment Act, which should be exercised

with utmost caution, and a declaratory judgment may properly be refused if it can be made only after a judicial investigation of disputed facts. Code 1932, sec. 8835 et seq.''

It is earnestly insisted by counsel for the complainant that the court should not refuse to entertain the suit because of disputed issues of fact. This might be true in a case, dependent upon the nature and scope of the issue. But the court will not anticipate the rights of the parties in deciding future contingent interests.

■ We think our cases, and the authorities generally, support the complainant's contention that there is no liability upon an insurer for judgments in excess of the policy limits except in case of bad faith. This seems to be the gist of the present controversy and the issue is one sounding in tort. *Southern Fire & Casualty Co. v. Norris*, 35 Tenn.App. 657, 250 S.W.2d 785. (*Certiorari* denied by this Court.) The right to maintain a bill for a declaratory judgment involving tort actions is pointed out in numerous cases and annotations in 142 A.L.R. 40, 43. On page 41 the following statement appears:

"Generally, it may be said that jurisdiction of an action for declaratory relief as reflected by cases involving insurance policies will not be assumed or entertained where there is already pending another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action. The power to render declaratory judgments should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, *or for the purpose of antici-*

*pating the trial of an issue in a court of co-ordinate jurisdiction.''* (Emphasis supplied.)

Numerous cases are cited in the footnotes. There are some decisions, as pointed out by the annotator, which are to the contrary.

In suits of this nature all persons interested must be before the court. However, in the instant case all interested persons are before the court, and are the same persons who would be involved in any future action by Hammond to recover a sum over and above the limits of the policy.

■ Now it is conceded on the brief of counsel for the complainant that ''The court may properly refuse to entertain the suit where the disputed issue of fact is determinative of the rights of the parties'', citing *Aetna Life Ins. Co. v. Bellos,* 158 Tenn. 554, 13 S.W.2d 795, 14 S.W.2d 961; *Maryland Casualty Co. v. Tindall,* 8 Cir., 117 F.2d 905; *Ennis v. Casey,* 72 Idaho 181, 238 P.2d 435, 28 A.L.R.2d 952; and 142 A.L.R. 59.

We think the determinative issue in this case is the right of Mr. Hammond to recover in a tort action against the complainant based upon the latter's failure to negotate *in good faith* a settlement of the claims under the indemnifying policy, and which resulted in a judgment against Hammond in excess of the insurance coverage. This is a sharply disputed issue of fact, and is determinative of the complainant's right to a declaratory judgment.

In *Aetna Life Ins. Co. v. Bellos, supra* [158 Tenn. 554, 13 S.W.2d 797], it is said:

''In the instant case we find no ground on which complainant can force defendant into a forum, and at a time of complainant's choosing, and thus compel de-

fendant to litigate the issue of the suicide of her husband.

"The case in this aspect is not one for a declaratory judgment, even were the bill with its prayer framed to this end. The principles governing declaratory judgment proceedings, announced in *Newsum v. Interstate Realty Co.*, 152 Tenn. [302] at pages 304, 305, 278 S.W. [56] 57, apply here. Disputed facts would here be determinative issues, rather than 'construction of definitely stated rights, *status,* and other relations, commonly expressed in written instruments,' etc.''

The foregoing statement is clearly applicable to the case at bar. The complainant by this suit anticipates that a tort action will be instituted against it based upon its alleged lack of good faith in negotiating a settlement, to Hammond's damage. In seeking a declaratory judgment the complainant would force the defendant into a forum, and at a time of complainant's own choosing and compel him to litigate his tort action in the Chancery Court. For this reason the Chancellor was right in dismissing the complainant's bill. Moreover it cannot be said, under the admitted facts of this case, that the learned Chancellor abused his discretion or failed to act with proper caution in exercising the discretion which the law imposed upon him.

Affirmed.