MACEO ALFORD

*v.*

NATIONAL EMBLEM INSURANCE COMPANY.

469 S.W.2d 375.

(*Knoxville,* September Term, 1970)

Opinion filed June 21, 1971.

KENNETH E. HALL, EGERTON, McAFEE, ARMISTEAD, DAVIS & McCORD, Knoxville, for petitioner.

380

Arthur D. Byrne, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for respondent.

Mr. Justice McCanless delivered the opinion of the Court.

This is a suit brought by the insured under an automobile liability insurance policy against his insurer to recover the amounts of judgments pronounced against him in excess of the policy limits. The jury returned a verdict for the plaintiff and against the company and judgment was entered thereon. The insurer perfected its appeal in the nature of a writ of error, the Court of Appeals reversed the judgment of the Circuit Court and dismissed the suit, and we have granted certiorari.

The question for determination is whether there was material evidence to support the jury's verdict.

On May 23, 1966, while there was in force a policy issued by National Emblem Insurance Company to Maceo Alford his automobile driven by his son collided with a bicycle ridden by William James Hayworth, age fourteen, resulting in injuries consisting of a fractured femur, chipped teeth, and bruises and lacerations. The fracture caused a permanent shortening of the injured leg. Medical expenses of about $1,500.00 were incurred.

On May 17, 1967, the grandmother and guardian of the boy sued Alford for $5,000.00 for medical, hospital, and other expenses incident to the injuries, and on the same day he by his next best friend sued Alford for $25,000.00 for personal injuries. The two suits were tried together and the jury returned verdicts in the total amount of $25,000.00. The defendant, Alford, moved for a new trial, and the Circuit Judge suggested a remittitur of $6,000.00 thus reducing the judgments to a total of $19,000.00. Alford did not appeal. The insurance company paid $10,000.00 and costs of the suit, the limit of its liability under the terms of its policy, leaving $9,-000.00 unpaid. It was to recover this excess that Alford filed this suit by which he charged that the company had made no effort to settle the suits, had failed to give equal consideration to the interest of the insured that it gave to its own interest, and that in failing to make settlement it had not used diligence and good faith, and that it had been guilty of bad faith and negligence in refusing to settle within the limits of the policy.

The company filed its plea by which it denied the allegations of negligence and bad faith. The issues thus

joined were tried before a jury, the trial resulting in a verdict and judgment in favor of the plaintiff, Alford, and against the defendant, National Emblem Insurance Company, for $9,000.00 and interest.

When the insurance company received notice of the injury to William James Hayworth, it caused an investigation of the facts to be made, and when the boy and his guardian filed their suits for damages about eleven months after the date of the injury the company retained an experienced trial lawyer to represent the defendent, Alford. The attorney saw the insured and his son on several occasions, visited the scene of the collision, and interviewed a number of witnesses. He did not talk with the police officer who made an investigation immediately after the collision occurred, but he examined the officer's report. The company made no offer to settle. At some time before the trial the attorney representing the plaintiffs encountered the attorney representing the Alfords and asked if he would be willing to pay the amount of the medical expenses and something besides that amount to settle the case and received a negative reply. He testified that he made his inquiry of the defendant's attorney to try to open negotiations, but that he would not have accepted such a small settlement.

The defendant's attorney was disappointed in two witnesses on whom he expected to rely. One of them insisted that he leave and return to work before he could give his testimony, and the other, on the day of the trial, gave the defendant's attorney a different statement from one he had previously given and he was not introduced as a witness.

While the court was in recess, after the plaintiffs had rested their case and just before the trial was to resume,

their attorney presented the defendant's attorney with a letter by which he offered to settle the case for $15,000.00 or for the limits of the policy whichever might be the smaller of those amounts. The defendant's attorney made no reply to this suggestion, and the trial resumed and concluded with the results already mentioned.

The petitioners insist that the company acted negligently and in bad faith in making an inadequate investigation of the facts and in its failure to try to settle the suits within the limits of the policy. If there is any proof from which the jury might reasonably and fairly conclude that the company's conduct was in bad faith and resulted in the judgment in excess of the limits of the policy then neither the Court of Appeals nor we could disturb the verdict.

In *Southern Fire & Casualty Co. v. Norris*, 35 Tenn.App. 657, 250 S.W.2d 785, the Court of Appeals in an opinion by Judge McAmis which has become the leading case on the subject of suits of this kind said:

"If the proof, in the light of all the relevant circumstances, and inferences to be drawn therefrom is such as to leave a reasonable basis for disagreement among reasonable minds, the question of good faith of the insurer in the handling of the claim and conducting compromise negotiations is for the jury."

Conversely if the proof is insufficient to support a conclusion of bad faith then the suit must fail.

The attorney who represented Alford in the damage suit testified that he thought he could win the suit and for that reason made no offer to settle it, and that he did not consider it necessary for him to interview the investi-

gating officer. The petitioners have not presented proof which refutes this testimony.

In *Tennessee Farmers Mutual Insurance Company v. Hammond,* 200 Tenn. 106, 290 S.W.2d 860, this Court said:

"We think our cases, and the authorities generally, support the complainant's contention that there is no liability upon an insurer for judgments in excess of the policy limits except in case of bad faith."

In *State Automobile Insurance Co. of Columbus, Ohio v. Rowland,* 221 Tenn. 421, 427 S.W.2d 30, it was said:

"We do not hold that the insurance company has an affirmative duty to negotiate with an injured claimant in all cases. We would only say that a refusal to discuss a settlement may be considered along with other evidence in determining the issue of bad faith. We would disagree with the ruling in the case of *Cowden v. Aetna Casualty and Surety Co.,* 389 Pa. 459, 134 A.2d 223 (1957), where the Supreme Court of Pennsylvania held that a refusal to negotiate was insufficient evidence of bad faith when there was an honest belief on the part of the insurer that the insured's act was not the proximate cause of the accident, and that all liability could be avoided on that basis."

In this case in retrospect it appears that the attorney representing the defendant would have acted prudently had he made an effort to compromise the Hayworths' claim within the limit of the policy, but he was of opinion, erroneously as it turned out, that his client could prevail at the trial of the suit. Nowhere is there a suggestion that he acted otherwise than in good faith in his repre-

sentation of the insurance company and of the insured. As the Court of Appeals observed in their opinion, prepared by Judge Parrott:

"Our law has never imposed upon counsel for an insurance company the duty to settle a claim merely because settlement could have been reached within the policy limits. If failure to negotiate a settlement is the result of a reasonable business judgment made after weighing all the interest, then no liability ensues even if the decision not to settle later turns out to have been quite wrong. *United States Fidelity & Guaranty Co. v. Canale* [6 Cir.] 257 F.2d 183."

The testimony viewed in the light most favorable to the petitioner did not justify the jury in returning a verdict against the defendant insurance company for the amount of the excess. We, therefore, affirm the judgment of the Court of Appeals dismissing the suit.

DYER, CHIEF JUSTICE, CRESON, JUSTICE, and McAMIS and JENKINS, SPECIAL JUSTICES, concur.