Baker et al., Appellants, *v.* Miller et al., Appellees.

[Cite as Baker v. Miller (1972), 33 Ohio App. 2d 248.]

(No. 4077—Decided October 20, 1972.)

*Messrs. Bieser, Greer & Landis,* for appellants.

*Messrs. Altick, McDaniel & Radabaugh,* for appellee Miller.

*Mr. Robert E. Harrington* and *Mr. C. Richard Grieser,* for appellee Smith.

Kerns, J. On January 9, 1970, a collision occurred which involved a train owned by plaintiff Penn Central Transportation Company, an appellant herein, and a car operated by defendant Carolyn L. Miller, an appellee herein, at a railroad crossing on Diamond Mill Road in Montgomery County, Ohio. At the time of the collision, defendant Charles M. Smith, an appellee herein, was an employee of Penn Central. He was working on the train and apparently fell and sustained injuries as a result of the collision.

Thereafter, Smith commenced an action against Penn Central in Cook County, Illinois, under the provisions of the Federal Employers Liability Act.

While the action was pending in Illinois, Penn Central filed a complaint in the Court of Common Pleas of Montgomery County which sets forth two claims for relief. The first claim seeks a judgment against defendant Miller for damages to the train and miscellaneous expenses in the amount of $403.29. The second claim is for a declaratory judgment ordering defendant Miller to pay any amount

defendant Smith should recover from Penn Central and ordering that defendant Miller assume the defense of the lawsuit in Illinois.

In separate motions, each of the defendants moved for a dismissal of the complaint, and the present appeal is from the judgment sustaining the motions.

The court of common pleas has original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts (R. C. 2305.01), but county courts have exclusive jurisdiction in actions for the recovery of sums not exceeding $500 (R. C. 1909.04). Hence, the common pleas court did not have jurisdiction of the claim for damages in the amount of $403.29.

The remaining allegations of the complaint seek the creation rather than the disposition of a claim or defense. In our opinion, the trial court was under no duty in a declaratory judgment action to resolve issues which were essentially and properly the subject matter of the negligence action. See 1 Corpus Juris Secundum 1031, Actions, Section 18; *Ennis* v. *Casey,* 72 Idaho 181, 28 A. L. R. 2d 952. Nor was it the province of a declaratory judgment to declare the validity or sufficiency of defenses in a pending action. 16 Ohio Jurisprudence 2d 600, Declaratory Judgments, Section 17; *Videtto* v. *Marsh,* 112 Ohio App. 151; *Royal Indemnity Co.* v. *McFadden,* 65 Ohio App. 15

The question of whether to entertain or not to entertain a declaratory judgment action invokes the discretionary power of the trial court. In *Smith* v. *Civil Service Comm.,* 158 Ohio St. 401, the court specifically said, at page 402, that where the resolution of the controversy involved in an action for a declaratory judgment depends largely on a determination of facts * * * the trial court, in the exercise of sound discretion, may either entertain or not entertain such action." See, also, *Schaefer* v. *The First National Bank,* 134 Ohio St. 511.

Here, the "implied contract of indemnification" relied upon by Penn Central is dependent upon the uncertainties of an action based upon negligence. The record re-

flects no abuse of discretion, and the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

WHITESIDE, and STEPHENSON, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, and STEPHENSON, J., of the Fourth Appellate District, sitting by designation in the Second Appellate District.