CAMPBELL 66 EXPRESS, INC., Plaintiff-Appellant,

v.

THERMO KING OF SPRINGFIELD, INC., Thermo King, Inc., and American Trailers, Inc., Defendants-Respondents.

No. 10288.

Missouri Court of Appeals, Springfield District.

March 10, 1978.

---

7. Chapter 288, RSMo 1969.

Donald R. Duncan, Turner, Reid & Duncan, Springfield, for plaintiff-appellant.

Raymond E. Whiteaker, Woolsey, Fisher, Clark, Whiteaker & Stenger, Springfield, for defendant-respondent Thermo King of Springfield, Inc.

Frank M. Evans, III, David W. Hall, Jr., Miller, Fairman, Sanford & Carr, Springfield, for defendant-respondent Thermo King, Inc.

James W. Newberry, Schroff, Keeter, Glass & Newberry, P. C., Springfield, for defendant-respondent American Trailers, Inc.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

HOGAN, Judge.

This is an action for a declaratory judgment. The trial court has sustained motions to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appeals.

Summarized narratively, and as material here, the plaintiff's petition shows that it holds a certificate of convenience and necessity to operate as a common carrier, presumably by motor vehicle; defendant Thermo King of Springfield, Inc., is a Missouri corporation doing business in Springfield, in Greene County, Missouri. Defendant Thermo King, Inc., is a corporation which has a registered office and agent for service in Minneapolis, Minnesota; defendant American Trailers, Inc., has an office located in Oklahoma City, Oklahoma. Plaintiff alleges that defendants Thermo King, Inc., and American Trailers, Inc., are amenable to outstate service of process.

In April 1969, defendant American Trailers, Inc., agreed to manufacture and sell the

plaintiff a semi-trailer equipped with a refrigeration unit. American Trailers, Inc., did manufacture the unit pursuant to its contract, and in performance of its contract arranged or provided for the installation of a refrigeration unit manufactured by defendant Thermo King, Inc. The unit was supplied by defendant Thermo King, Inc., and installed by defendant Thermo King of Springfield, Inc. As so manufactured, the semi-trailer was delivered to the plaintiff in Springfield.

Between December 4 and December 7, 1970, plaintiff transported a shipment of batteries and battery fluid from Joplin, Missouri, to the National Aeronautics and Space Administration at Kennedy Space Center in Florida, as plaintiff alleges "under contract between NASA and Grumman Aerospace Corporation." In transit, the refrigeration unit "failed because of defects in its design, defects in its manufacture, and defects in its installation." Because the refrigeration unit failed, the shipment was refused by NASA and Grumman.

Plaintiff further alleged: that when the refrigeration unit was manufactured by defendant Thermo King, Inc., when it was supplied for installation to defendant Thermo King of Springfield, Inc., and when it was installed pursuant to plaintiff's contract with defendant American Trailers, Inc., it was "in a defective condition"; the semi-trailer was put to a use which could reasonably be anticipated, and, at the time the loss or damage occurred, the refrigeration unit was in substantially the same "defective condition" as when it was supplied, installed and sold. Like averments raised the issue of the refrigeration unit's fitness for the purpose for which it was sold.

Plaintiff then averred that because of the failure of the refrigeration unit as alleged, plaintiff had "been subjected to" a claim in the amount of $200,223 for damage to the cargo it transported in December 1970; that demand had been made upon the defendants each and severally to assume responsibility for the claim asserted against the plaintiff "and for indemnity," but the defendants had "refused to accept such responsibility." Plaintiff alleged the prerequisites for a declaratory judgment.

Plaintiff then alleged, in substance, that Grumman Aerospace Corporation, "acting in behalf of NASA," made a claim against plaintiff's insurer, which the insurer denied. Copies of correspondence are attached and pleaded as exhibits. Prayer of the petition, essentially, was that plaintiff be exonerated and that the defendants each and severally be held liable in the amount of $200,223. Each defendant filed a motion to dismiss, raising several grounds therefor, including the bar of limitation.

In this court, the appeal has been briefed by the plaintiff and each party defendant. We have read the briefs and they have been helpful, but we shall not set forth and discuss the various arguments advanced. The rule we follow on this appeal, as in other court-tried matters, is that the trial court's judgment or ruling on the motions will be sustained if the result is correct, even though the trial court has assigned an incomplete or erroneous reason for its decision. *Spiking Sch. Dist. No. 71, DeKalb County v. Purported "Enlarged Sch. Dist. R–II, DeKalb County,"* 362 Mo. 848, 859, 245 S.W.2d 13, 16–17[2] (banc 1952); see also *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318[12] (Mo. banc 1964). And, it must be borne in mind that while a motion to dismiss for failure to state a claim upon which relief can be granted, as authorized by Rule 55.27(a)(6), V.A.M.R., serves essentially the same function as a general demurrer, *Baysinger v. Hanser*, 355 Mo. 1042, 1043–1044, 199 S.W.2d 644, 645–646[1] (1947), and although the general test of the sufficiency of a petition against such a motion is whether the averments, accorded every fair and reasonable intendment, invoke principles of substantive law which may entitle plaintiff to relief, *Boyer v. Guidicy Marble, Terrazzo & Tile Co.*, 246 S.W.2d 742, 744[1] (Mo.1952), still declaratory judgments are sui generis, and it is generally agreed that the trial court has a considerable measure of discretion in determining whether or not a declaratory judgment action should be entertained. *State Farm Fire & Cas. Co. v. Powell*, 529 S.W.2d 666, 668[3] (Mo.App.1975); *O'Meara v. New*

York Life Ins. Co., 237 Mo.App. 409, 419, 169 S.W.2d 116, 122[4] (1943); 22 Am. Jur.2d, Declaratory Judgments, § 9, p. 845 (1965).

 In our view, there are several proper grounds for denying declaratory relief here. To the extent that the plaintiff's liability, whatever it may be, depends upon fault on its part, it is well established that it is not one of the purposes of the Declaratory Judgment Act to enable a prospective negligence action defendant to obtain a declaration of non-liability, although such an action may be entertained in the discretion of the court. See, generally, *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969) cert. denied 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969).

There is another, and in our view, more compelling reason for denying declaratory relief in this case. The petition alleges that at the time the cargo was damaged plaintiff was acting in performance of its business as a common carrier. Further, it fairly appears from the exhibits attached to the petition—which are part of the petition for all purposes, Rule 55.12, V.A.M.R.; *City of Joplin v. Village of Shoal Creek Drive*, 434 S.W.2d 25, 31[15] (Mo.App.1968)—that when the loss or damage was sustained, plaintiff was engaged in the interstate transport of some kind of cargo manufactured or intended for use in the Apollo Space Program. We cannot know the precise nature of plaintiff's obligation—it probably depends upon the terms of some special tariff dealing with the particular cargo—but it is readily apparent that plaintiff's liability arises out of its failure to properly perform, or for negligent performance of an interstate contract of carriage. The so-called Carmack or Carmack-Cummins Amendment, 49 U.S.C. § 20(11), is made applicable to the plaintiff by 49 U.S.C. § 319, and in consequence the action is governed wholly and solely by federal statute and regulation. *Missouri Pac. R. Co. v. H. Rouw Company*, 258 F.2d 445, 446 (5th Cir. 1958); *William A. Smith Contracting Co. v. Missouri Pac. R. Co.*, 481 S.W.2d 580, 583[2] (Mo.App.1972). Moreover, as we read the precedents, the cause is within the original jurisdiction of the federal district courts. *American Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 464–466 (6th Cir. 1970).

We do not say, nor hold, that the action could not have been entertained by the trial court, but as we have tried to make clear, the plaintiff's ultimate liability almost surely depends upon documents filed with various federal agencies, and possibly upon specifications contained in a national defense contract. Certainly these documents would be more readily available, and the court's interpretation of them would be more authoritative in a federal forum. It is clear since *State ex rel. Chicago, R. I. & P. R. Co. v. Riederer*, 454 S.W.2d 36, 39[1] (Mo. banc 1970), that the doctrine of *forum non conveniens* may be applied to federally created remedies by our trial courts. Here, two of the factors there enumerated—the public factor of the convenience to and burden upon the court, and the availability of another court with jurisdiction of the cause to afford plaintiff a forum for his remedy—could properly be considered in denying relief which is, in any case, discretionary. We hold the dismissal was proper and was not an abuse of discretion.

Accordingly, the judgment is affirmed.

All of the Judges concur.