BANKERS & SHIPPERS INS. CO. OF NEW YORK
et al *v.* Theodore KILDOW et al

CA 82-115                                    654 S.W.2d 600

Court of Appeals of Arkansas
Opinion delivered July 6, 1983
[Rehearing denied August 24, 1983.]

*Bradley & Coleman,* by: *Douglas Bradley,* for appellants.

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellees.

MELVIN MAYFIELD, Chief Judge. This is an appeal from the order of the circuit court dismissing an action for declaratory judgment.

Bankers & Shippers Insurance Company issued a policy of insurance to Julian Martin, Inc., covering Martin's liability for injury and damage caused by the ownership, maintenance, or use of any covered vehicle. The policy also provided that Bankers would defend any suit against Martin seeking to recover such damages, and that anyone using such a vehicle with Martin's permission was also an insured.

Martin, which is engaged in the freight-hauling business, instructed one of its employees, Theodore Kildow, to pick up a load of freight at Madison, Wisconsin, and take it to Mobile, Alabama, by the shortest major route. Bankers

and Martin contend that Kildow violated those instructions by deviating from that route to come by his home in Arkansas, and during that deviation he wrecked Martin's truck with five unauthorized passengers in it.

Alleging that one or more of the passengers were threatening litigation to recover damages for injuries received in the mishap, Bankers and Martin filed suit in chancery court asking for a declaratory judgment holding that neither of them have any liability to the passengers as a result of the occurrence.

Kildow and the passengers were made parties. Kildow filed an answer in which he asked that the complaint be dismissed because it did not "conform to the requirements established for obtaining relief under the Declaratory Judgment Act." Three of the passengers filed pleadings in which they alleged chancery did not have jurisdiction, that Kildow was acting as an agent for Martin, that he was negligent, and that his negligence caused them injuries, and they asked for trial by jury and prayed for judgments in certain amounts against Kildow, Bankers, and Martin.

Upon motion by the passengers, the cause was transferred to circuit court, and upon motion of Bankers and Martin, over the objections of the passengers, the circuit court severed the declaratory judgment action from the tort action. The declaratory judgment action was then tried by the court without a jury, and after hearing testimony concerning the alleged deviation from scope of employment by Kildow, the judge entered an order containing the following pertinent paragraphs:

1. Plaintiffs seek a Declaratory Judgment to the effect that neither plaintiffs have any liability as a result of the actions of Theodore Kildow in the operation of the vehicle at the time of the one (1) vehicle collision resulting in personal injuries to Dewey Johnson, Jenny Mondy, Brenda Prater, Gene Hopkins and Susie Page.

2. That the Declaratory Judgment action should be dismissed.

It Is, Therefore, Considered, Ordered, Adjudged and Decreed, that the Declaratory Judgment sought is denied and the Declaratory Judgment action is dismissed.

On appeal, Bankers and Martin argue that the evidence clearly shows that the wreck occurred while Kildow had departed from his scope of employment and that they were entitled to a declaratory judgment holding that neither of them have any liability as a result of the occurrence. On the other hand, the appellees argue that the evidence made a question of fact for the jury to decide on that issue and that the appellants were not entitled to a declaratory judgment when the identical question was at issue in the tort suit between the parties.

We hold that the trial court was correct in dismissing the declaratory judgment action. Our act is the Uniform Declaratory Judgment Act, perhaps with minor modifications, *see* reporter's notes to Civil Procedure Rule 57, and is codified as Ark. Stat. Ann. §§ 34-2501 — 2512 (Repl. 1962). It is intended to supplement ordinary causes of action, but not to supersede them. *Mid-State Construction Co.* v. *Means,* 245 Ark. 691, 434 S.W.2d 292 (1968). In 10A Wright, Miller & Kane, *Federal Practice and Procedure,* 729 (Civil 2d 1983), it is said:

> The courts have held that "it is not one of the purposes of the declaratory judgments acts to enable a prospective negligence action defendant to obtain a declaration of non-liability."

The above language was quoted in *Frito-Lay, Inc.* v. *Dent,* 373 F. Supp. 771 (N.D. Miss. 1974), and in *UNC Resources, Inc.* v. *Benally,* 518 F. Supp. 1046 (D. Ariz. 1981).

Ark. Stat. Ann. § 34-2502, *supra,* which is section 2 of Act 274 of 1953 (our original declaratory judgment act) provides, however, that:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or

whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

When Act 274 of 1953 was passed, section 2 (Ark. Stat. Ann. § 34-2502) omitted all reference to contracts. As the history line to § 34-2502 indicates, Act 35 of 1957 amended section 2 of the original act to restore the contract references to section 2 so that § 34-2502 now reads as quoted above. This is discussed in the case of *Equity Mutual Ins. Co.* v. *Southern Ice Co.,* 232 Ark. 41, 334 S.W.2d 688 (1960), which also points out that the case of *Lumbermen's Mutual Casualty Co.* v. *Moses,* 224 Ark. 67, 271 S.W.2d 780 (1954), held that our act, without any reference to contracts, did not authorize a declaratory judgment involving an insurance contract. After the amendment, however, the *Equity Mutual* case notes, contracts came within the purview of our act, and in *USF&G Co.* v. *Downs,* 230 Ark. 77, 320 S.W.2d 765 (1959), our Supreme Court rendered a declaratory judgment involving an insurance contract.

In the instant case, the real issue is whether Kildow was acting within the scope of his employment at the time of the occurrence. The problem, however, is whether it is proper to determine the issue about Kildow in this declaratory judgment action or to determine the whole matter in the pending tort suit. If it can be determined in this case, it is only because of Ark. Stat. Ann. § 34-2502, *supra,* which allows our courts to grant declaratory judgments involving contracts, since declaratory relief was unknown at common law and is permissible only by statutory authorization. 22 Am.Jur.2d *Declaratory Judgment* § 3 (1965).

In a similar case, with a similar statute, Florida held that no declaratory judgment should be granted. In Columbia Casualty Co. v. *Zimmerman,* 62 So.2d 338 (Fla. 1952), where the court said the question was "whether or not Mary Yates was driving the automobile with the knowledge and consent of the owners," the opinion states:

It appears that the controversy which gives rise to this appeal does not embrace any question of the construction or validity of a statute, regulation, municipal ordinance, contract, deed, will or other article, memorandum or instrument or any part thereof. The thing which the appellant asserts it is seeking to have construed is an insurance policy, the validity or construction of any portion of which is not in question.

The policy provides, in effect, that if the automobile covered by the policy is being driven by someone without the knowledge and consent of the insured, the insurance company is not liable to the insured and is not required to defend under the policy. This provision is plain and unambiguous.

The question of whether or not the automobile was being driven with the knowledge and consent of the insured was a question of fact to be determined as any other question of fact and requires no construction of the insurance policy in order to determine the meaning thereof.

. . . .

The declaratory judgment statute cannot and should not be extended to cover any such situation.

Later, in a case involving the same issue, a Florida Court of Appeals on its own motion remanded a declaratory judgment with directions that the complaint be dismissed. The court said where there was a jurisdictional error the matter should be raised by the court if the parties do not raise it and declaratory judgment, the court said, was not available to try disputed questions of fact as a determinative issue rather than to seek a construction of definite stated rights, status, or other relations. *Smith* v. *Milwaukee Ins. Co.,* 197 So.2d 548 (Fla. Dist. Ct. App. 1967).

We think the Florida rationale clearly controls this case where we, like Florida, have held that declaratory judgment as to insurance contracts is permissible only because of

statutory authorization and where, as here, the issue involved is a question of fact, not the construction or validity of a contract.

Not only that, but we prefer that rule. There are many circumstances involving insurance contracts where declaratory judgment serves a good and valid purpose, but this is not such a case. The trial of the tort case would solve the scope of employment question in this case and that is the case that should be tried. In 10A *Federal Practice and Procedure, supra,* at 729-30, it is said that though declaratory action might reduce multiple litigation with a number of injured persons, the courts have felt that this result should not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim. Neither was the Declaratory Judgment Act designed to force the parties, as one court put it, to have a "dress rehearsal" of an important issue expected to be tried in the tort suit. *See Employers' Fire Insurance Company* v. *Beals,* 240 A.2d 397 (R.I. 1968).

Affirmed.