**HYMAN–MICHAELS COMPANY, an Illinois Corporation, Petitioner,**

**v.**

**Honorable Don HAMPTON, Judge of the District Court of Osage County, Respondent.**

**No. 44099.**

Supreme Court of Oklahoma.

May 12, 1970.

Rehearing Denied June 30, 1970.

Best, Sharp, Thomas & Glass, by Joseph A. Sharp, Tulsa, for petitioner.

Robert P. Kelly, Bruce W. Gambill, Dean E. Warren, by Dean E. Warren, Pawhuska, for respondent.

BERRY, Vice Chief Justice.

Petitioner has applied for extraordinary relief by writ of prohibition directed to re-

spondent. The issue involves respondent's jurisdiction and authority to adjudicate petitioner's relationship and status under petition seeking declaratory judgment authorized by 12 O.S.1961, § 1651 et seq. Matters summarized hereafter reflect the factual background which provoked the issue.

During abandonment of a railroad line in Osage County the Atchison, Topeka & Santa Fe Railway Company issued invitations to bid upon taking up, removal and disposal of railroad track, bridges, etc. Invitations to bid advised Santa Fe would procure insurance coverage for employees and the public, and against property damage.

Petitioner was accepted as successful bidder and advised by Santa Fe that insurance and bond would be taken out and paid for in accordance with bid proposal. Pursuant to contract petitioner was to remove from right of way all material which Santa Fe chose not to retain. To effect removal, petitioner entered into an arrangement with Richard Irwin for removal of bridge timber. The nature and extent of this arrangement is in dispute. While so engaged Irwin built a fire which was permitted to escape onto adjoining land, causing damages for which the landowners recovered ($4,500.00) money damages.

July 2, 1969, Irwin, as plaintiff, brought suit against the representative of damaged landowner, Santa Fe and its insurer, and this petitioner, seeking declaratory judgment. The petition alleged petitioner had entered into an arrangement with Irwin as subcontractor for removal of bridge timbers. During performance of this contract a fire occurred which caused damages for which judgment had been obtained. The contract between Santa Fe and petitioner provided railroad would furnish liability insurance, and petitioner's representative had advised plaintiff also was covered thereby although this was denied by defendants. Petition alleged a controversy existed as to whether: (1) plaintiff was a subcontractor for petitioner; (2) the contract required Santa Fe to secure insurance

coverage to protect plaintiff from liability such as already adjudicated; (3) Santa Fe had provided insurance for plaintiff in fact under contract with petitioner. Plaintiff prayed declaratory judgment construing contract between Santa Fe and petitioner, and the contract between plaintiff and petitioner as to matters in controversy.

Petitioner demurred upon grounds plaintiff was seeking determination that petitioner's employee had agreed to provide liability coverage contrary to statute; that plaintiff was attempting to establish liability for tortious injury to property in violation of statute, supra. Demurrer by Santa Fe's insurer was sustained, but trial court's action overruling petitioner's combined demurrers provoked the present application.

The declaratory judgment act, 12 O.S. 1961, § 1651, provides:

"Determination of rights, status or other legal relations—Exceptions

"District and Superior Courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, *except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment* or for compensation alleged to be due under workmen's compensation laws for injuries to persons *or concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries.* The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make such determination where the judgment, if rendered, would not ter-

minate the controversy, or some part thereof, giving rise to the proceeding." (Emphasis supplied.)

Petitioner insists respondent lacks jurisdiction to grant relief in view of emphasized language prohibiting determination of specified class of subjects, including cases involving an issue of liability for damages for tortious acts.

In respondent's behalf it is urged insurance coverage was secured under contract between Santa Fe and petitioner and, by seeking declaratory judgment, respondent merely is required to determine whether plaintiff was a subcontractor. Thus it is argued the real controversy concerns plaintiff's legal status under Santa Fe's contract with petitioner and, since Santa Fe secured insurance, the undetermined issue concerns the contractual relationship between plaintiff and petitioner. Upon this reasoning plaintiff concludes determination of status and legal relationship between these parties would terminate the controversy, despite the fact further relief might be necessary to enforce the parties' rights. Authority for argument that determination of legal status existing between plaintiff and petitioner would conclude the controversy purportedly is found in Fraser's critique of Oklahoma's Declaratory Judgment Act, (Sept. 16, 1961) 32 OBJ 1447 @ 1448, stating:

"A declaration terminates the controversy when it establishes the rights of the parties on all issues regardless of the fact that further relief may be necessary to enforce those rights. * * *"

Initially it should be recognized our Act differs from declaratory judgment acts of other jurisdictions. This was recognized in the cited article, which pointed out the exclusions provided within the statutory language. Ibid, N. 29 @ 1453. And, it is recognized these exclusions result in different coverage than extended by the Uniform Act.

Our concern in this proceeding is narrow in scope. Because inquiry is confined to meaning and intent of the exclusionary language no need exists for historical or academic discussion and numerous problems which arise in application in other jurisdictions. Borchard, Declaratory Judgments (2 ed) 1934.

The nature and purpose of a declaratory judgment is to declare rights. 26 C.J.S. Declaratory Judgments § 1. The action may be maintained although it involves disputed questions of fact, but should not be invoked to try a disputed question of fact as a determinative issue. Ibid, § 16; Ennis v. Casey, 72 Idaho 181, 238 P.2d 435, 28 A.L.R.2d 952. Our statute, supra, explicitly prohibits adjudication of specified classes of subjects in such an action. The petition alleged three separate grounds of controversy. Affirmative finding upon any alleged ground of controversy would serve to fasten liability upon petitioner, for damages previously determined to have resulted from plaintiff's tortious acts. The decisive issue between plaintiff and petitioner would require factual determination as to status of their relationship. The statute excludes certain classes of subjects from operation of the act. Resolution of facts inherent in any purported, controverted issue would involve consideration of a class or classes of subjects excluded under language of the statute. Valid criticism of plaintiff's position is that the petition seeks to accomplish by indirection a result which the statute prohibits from being accomplished directly.

We indicate no opinion concerning means plaintiff might have utilized in seeking determination of presumed rights against petitioner, or others involved. As to adequacy of other remedies see § 18, Ibid; Columbia Pictures Corp. v. De Toth, 26 Cal.2d 753, 161 P.2d 217, 162 A.L.R. 747. By any name, or under any hypothesis, plaintiff sought declaratory adjudication that insurance coverage which Santa Fe purchased also extended protection sufficient to provide indemnity for loss occasioned by negligence. The exclusionary provisions of the statute prohibited determination of the parties' rights in such instance.

The trial court erred in refusing to sustain petitioner's combined demurrers. In such a case prohibition is proper remedy to restrain respondent from proceeding further in the pending action. City of Cushing v. Coryell, Okl., 400 P.2d 174.

Writ granted.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and McINERNEY, JJ., concur.

BLACKBIRD, J., concurs in result.

LAVENDER, J., dissents.