1998 OK CIV APP 160

## INDEPENDENT SCHOOL DISTRICT NO. 561002, OKMULGEE COUNTY, a/k/a Henryetta Public Schools, and Peggy Peoples, individually, and as natural mother of Marci Peoples, a minor, Plaintiffs/Appellants,

v.

## UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant/Appellee.

No. 91,389.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 6, 1998.

Bill V. Wilkinson, Andrew P. DeCann, Wilkinson Law Firm, Tulsa, for Plaintiffs/Appellants.

David S. Landers, Edwards & Landers, Tulsa, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding J.

¶1 Marci Peoples, a middle school pupil at Henryetta Public Schools (School District), injured her leg while participating in a basketball drill during her physical education class. She and School District sued School District's liability insurance carrier, United States Fidelity and Guaranty Company (USF & G), pursuant to the Declaratory Judgment Act (12 O.S.1991 § 1651 et seq.)when it refused to cover Miss People's medical expenses. The trial court granted summary judgment in favor USF & G finding that it was exempt from liability pursuant to the Governmental Tort Claims Act, 51 O.S.1991 § 155(20). We find that the trial court erroneously assumed jurisdiction of this declaratory judgment action because the law prohibits a court from declaring the rights or status of parties for damages resulting from an alleged tort. 12 O.S.1991 § 1651.

¶2 "The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not, and may be done on its own motion." *Harber v. McKeown*, 1945 OK ——, 195 Okla. 290, 157 P.2d 753 (syllabus by the court).[1]

■ ¶3 No matter how amended, Plaintiffs/Appellants' petition for relief was a prayer for declaration concerning liability for damages resulting from an alleged tort.[2] Pursuant to 12 O.S.1991 § 1651, a district court may, in cases of actual controversy, determine rights, status or other legal relations

...except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment .... or concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries.

1. USF&G filed a motion to dismiss raising the jurisdictional issue discussed herein and the trial court denied the motion. Although the denial of the motion is not raised by the parties as an issue on appeal, the parties briefed that issue below and, in the context of a summary judgment appeal, no additional briefs are necessary.

2. In its final amended petition filed August 23, 1996, Plaintiffs/Appellants prayed that the court "determine the rights of the parties as hereinabove described and interpret the application of Paragraph 20 of the Governmental Tort Claims Act under the facts of this case, and determine that paragraph 20 does not create immunity for the school district."

¶ 4 Artful pleading cannot disguise the substance of the action.

In an action for declaratory judgment (12 O.S.1961 § 1651 et seq.) where disposition of alleged issues in controversy would involve consideration of subjects specifically excluded from statute, the trial court erred in overruling demurrer to petition, and prohibition was proper remedy to restrain trial court from attempting to exercise further jurisdiction.

*Hyman–Michaels Company v. Hampton,* 1970 OK ——, 471 P.2d 463 (syllabus by the court).[3] In *Hampton,* plaintiff sought a declaration that insurance purchased by a third party extended protection to plaintiff for a loss sustained due to negligence. It is thus similar to the instant case in which the injured party (Peoples) is seeking a declaration that insurance procured by School District would be available to cover the injured party's negligence claim against School District. The fact that School District joins in the request for declaration does not change the result that the subject matter of the suit is excluded from the subjects upon which a declaratory judgment may be sought.

■ ¶ 5 The applicability of the exclusion is demonstrated by the unusual procedural posture of this case. School District apparently agreed that it should pay Peoples' medical expenses while USF & G took the position that School District was exempt from liability pursuant to 51 O.S.1991 § 155(20).[4] Rather than paying the claim and proceeding directly against USF & G on the insurance contract, School District joined with Peoples in seeking a declaration that School District was liable in tort to Peoples. The insurer, USF & G, was then in the unusual position of asserting that an exemption in the Governmental Tort Claims Act protected School District from liability. A determination of the applicability of the exemption directly relates to "liability or non-liability for damages on account of alleged tortious injuries to persons" which cannot be the subject of a declaratory judgment action under § 1651. For this reason, we reverse the grant of summary judgment in favor of USF & G and remand the action to the district court with directions to dismiss the lawsuit.

REVERSED AND REMANDED WITH DIRECTIONS.

ADAMS, J., concurs; HANSEN, J., dissents.

---

3. USF&G filed an application for writ of prohibition with the Supreme Court of Oklahoma which was denied, all justices concurring. A denial, however, "does not necessarily reflect any view on the merits, but rather may, and very often does, constitute only a ruling that the issuance of the extraordinary writ is unwarranted." *McGaha v. Board of Regents of the University of Oklahoma,* 1984 OK ——, 691 P.2d 895, 896.

4. The state or a political subdivision shall not be liable if a loss or claim results from:

   \*    \*    \*    \*    \*    \*

§ 20. Participation in or practice for any interscholastic or other athletic contest sponsored or conducted by or on the property of the state or a political subdivision.