2001 OK CIV APP 28

**Andre DEGARZA, Plaintiff/Appellant,**

v.

**OKLAHOMA CITY UNIVERSITY, an Oklahoma corporation, Defendant/Appellee.**

**No. 94086.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 19, 2000.

Certiorari Denied Sept. 26, 2000.

Rodney D. Watson, Norman, Oklahoma, For Appellant.

G. David Ross, B. Gore Gaines, Oklahoma City, Oklahoma, For Appellee.

**OPINION**

CARL B. JONES, Presiding Judge:

¶ 1 Appellant, Andre DeGarza, brought this declaratory judgment action requesting that the trial court determine the rights and remedies of DeGarza and Appellee, Oklahoma City University (OCU) under the *OCU Student Handbook* and *OCU School of Law Student Handbook.* DeGarza was expelled from OCU due to his alleged inappropriate behavior. On August 20, 1999, the Associate Dean of OCU's School of Law brought a complaint against DeGarza. On August 23, 1999, DeGarza was directed to meet with the OCU Vice President of Student Affairs. An informal meeting was held with DeGarza being advised of the complaint against him and an opportunity for DeGarza to respond. At the end of the meeting, DeGarza was given a letter notifying him of his expulsion and provided an option of appealing the expulsion by appearing before the Student–Faculty forum

or before the OCU President. DeGarza chose to appeal to the President. DeGarza met with the OCU President to present his case and the OCU President affirmed the expulsion.

¶ 2 After these disciplinary proceedings had concluded, DeGarza filed his petition for a declaratory judgment. DeGarza asserted that OCU violated its own procedures in expelling him and as a result DeGarza was denied an opportunity for a just adjudication of his rights. DeGarza also filed a motion for a temporary restraining order/temporary injunction requesting he be permitted to attend law classes at OCU until final resolution of this matter. The trial court denied the motion for a temporary restraining order/temporary injunction and directed the parties to file briefs on the trial court's power and authority to proceed further in this matter. In response, OCU filed a Motion to Dismiss asserting: 1) the trial court did not have jurisdiction to proceed because DeGarza is requesting the trial court to construe a private university's internal procedures which should not be the subject of a declaratory proceeding, 2) DeGarza had no right to constitutional due process, and 3) OCU had provided DeGarza with a fair process to contest his expulsion. The trial court sustained the Motion to Dismiss. DeGarza appeals.

¶ 3 The dispositive issue on appeal is whether the trial court should have construed OCU's internal procedures as outlined in the *OCU Student Handbook* and *OCU School of Law Student Handbook* in a declaratory proceeding. The nature and purpose of a declaratory judgment is to declare rights. The action may be maintained although it involves disputed questions of fact, but should not be invoked to try a disputed question of fact as a determinative issue. *Hyman–Michaels Co. v. Hampton*, 1970 OK 90, 471 P.2d 463, 465. DeGarza is seeking a judicial determination of whether OCU violated its guidelines in the handling of DeGarza's expulsion. In fact, DeGarza asserts that OCU violated its guidelines in his Petition. This assertion is denied by OCU.

¶ 4 This declaratory action is an attempt to have a trial court decide a disputed fact which would judicially assess liability or nonliability for DeGarza's alleged injury from a disciplinary proceeding which has already occurred. The Oklahoma Declaratory Judgment Act, 12 O.S.1991 § 1651 specifically provides that no declaration shall be made concerning liability or nonliability for damages of alleged tortious injuries to persons or property and vests discretion in the trial court to refuse to make a determination of rights where it finds that the judgment, if rendered, would not terminate the controversy. *Associated Builders and Contractors of Oklahoma v. State ex rel. Oklahoma Dept. of Labor*, 1981 OK 50, 628 P.2d 1156, 1162. The record shows that no controversy would be settled by a declaration of rights and remedies under *OCU Student Handbook* and *OCU School of Law Student Handbook*, rather, any judgment would create a new controversy furthering more litigation. We find that the trial court properly sustained the Motion to Dismiss.

¶ 5 AFFIRMED.

¶ 6 BUETTNER, J., and JOPLIN, J., concur.