**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SPHERE DRAKE INSURANCE
P.L.C.,

      Plaintiff-Appellee,

v.

MORGAN D'ERRICO, individually
and as the person authorized by statue
to present the wrongful death claims
of heirs of Robert D'Errico, deceased;
BICENTENNIAL INC., d/b/a Lady
Godiva's,

      Defendants-Appellants,

  and

DANIEL PATRICK HARRIS; CHAD
WAYNE HILLMAN; TRAVIS LEE
SHANNON,

      Defendants.

No. 00-5109
(D.C. No. 97-CV-857-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **BALDOCK** Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this declaratory judgment action based on diversity, defendants appeal the district court's grant of summary judgment in favor of plaintiff, Sphere Drake Insurance Company. Sphere Drake brought the action against Bicentennial, Inc., a corporation that owns and operates a nude-dancing club called Lady Godiva's, and the representative of the estate of Robert D'Errico, a patron of Lady Godiva's who died during an altercation with bouncers at the club. Sphere Drake sought a declaration from the district court as to its duty under a liability insurance policy to defend or indemnify defendant Lady Godiva's in a wrongful death and negligence action brought by the estate of Robert D'Errico.

The district court held that Sphere Drake had no duty to defend of indemnify Lady Godiva's under the liability insurance policy. The court based its holding on two different provisions in the policy: one that excludes coverage for claims arising out of an assault and battery, and another that limits coverage to injuries that are caused by an occurrence, which is defined as an accident.

We review the district court's order granting summary judgment *de novo*, applying the same legal standard used by that court. *Kaul v. Stephan*, 83 F.3d

1208, 1212 (10th Cir. 1996). The standard requires us to affirm if our review of the record shows that there is no dispute as to any material fact and that Sphere Drake is entitled to judgment as a matter of law. *See id.* Having reached both of these conclusions, we affirm.

The insurance policy in this case excludes coverage for any claim arising out of assault and battery. "Assault and battery" is not defined in the policy. Defendants assert that the phrase is susceptible to two distinct meanings: in the criminal context under Oklahoma law it requires a willful and unlawful use of force, and in the civil tort context it requires only that harmful or offensive contact be intended. They argue, therefore, that the exclusion is ambiguous and that they are entitled to interpretation in their favor. Interpreting such an ambiguity in their favor would mean attributing the criminal definition to "assault and battery," which would, in turn, result in coverage. This is so, they argue, because even if the bouncer's use of force was willful, it was not unlawful, as he had the legal right to use force to eject someone from the club.

We begin our analysis with the underlying principle that "[t]he terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). "The construction of an insurance

policy should be a natural and reasonable one []. . . [that] effectuate[s] its purpose." *Wynn v. Avemco Ins. Co.*, 963 P.2d 572, 575 (Okla. 1998) (quotation omitted). The determination of whether the "assault and battery" exclusion creates an ambiguity is a question of law, and "neither forced nor strained construction will be indulged, nor will any provision be taken out of context and narrowly focused upon to create and then construe an ambiguity so as to import a [more] favorable consideration to either party than that expressed in the contract." *Dodson*, 812 P.2d at 376.

Guided by these standards, we find no ambiguity created by the "assault and battery" exclusion. This is a contract drafted in a civil context whose purpose is to insure against civil liability, and the terms "assault" and "battery" should be attributed their common and ordinary meaning in the civil context. An actor is liable for battery if he acts intending to cause offensive contact and a harmful contact results. Restatement (Second) of Torts § 13 (1964-65); *see also Brown v. Ford*, 905 P.2d 223, 229-30 & n.34 (Okla. 1995) (stating that the common law of Oklahoma with respect to the torts of assault and battery reflects the definitions in the Restatement). There is no question in this case that the bouncer intended to cause an offensive contact and that the result was a harmful contact. His conduct comes within the unambiguous "assault and battery" exclusion, and, therefore, the

-4-

district court was correct in determining that Sphere Drake was not obligated to defend or indemnify Lady Godiva's under the insurance policy.

In addition, yet another policy provision dictates that Sphere Drake has no duty under the policy to defend or indemnify the club in the wrongful death action. The policy states that the insurance applies to bodily injury only if it is caused by an occurrence. An occurrence is defined as "an accident." App. at 286. Although Mr. D'Errico's death may not have been intended, his death was, nonetheless, caused by acts that were intended to cause offensive contact. Acts that are intended to and do, in fact, cause offensive contact constitute the intentional tort of battery and are not "an accident." *See Farmers Alliance Mut. Ins. Co. v. Salazar*, 77 F.3d 1291, 1297 (10th Cir. 1996) (applying Oklahoma law in discussing what constitutes an "accident" and holding that murder, in light of intentional nature of crime, was not an accident); *Penley v. Gulf Ins. Co.*, 414 P.2d 305, 308 (Okla. 1996) ("an intentional or willful tort would negative the existence of an accident" (quotation omitted)). Consequently, Mr. D'Errico's

-5-

death was not caused by an occurrence, and the district court was correct in holding that Sphere Drake had no duty to defend or indemnify on that basis, as well.

AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge