2008 OK CIV APP 23

**EQUITY INSURANCE COMPANY, Plaintiff/Appellee,**

v.

**Kathryn GARRETT, Defendant/Appellant,**

**Max Kevin Hull, Defendant,**

**GHS Property and Casualty Insurance Company, Third-party Defendant.**

**No. 104,676.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 30, 2008.

John Vitali, Rachael L. Bussett, Hornbeek, Krahl, Vitali & Braun, L.L.C., Oklahoma City, OK, for Appellant.

Rodney D. Stewart, Durbin, Larimore & Bialick, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant Kathryn Garrett (Garrett) seeks review of the trial court's order granting the motion for summary judgment of Plaintiff/Appellee Equity Insurance Company (Equity) on its claim for a declaratory judgment. In this accelerated review proceeding, Garrett challenges the trial court's order as affected by errors of both fact and law.

¶ 2 According to Garrett, Defendant Max Kevin Hull (Hull) shouted profanities, gestured obscenely, and attempted to induce a collision between their respective vehicles during an apparent episode of road rage. Fearing for her safety, Garrett called her husband, Jason, by cell phone. When Jason came to his wife's assistance, a fight between Jason and Hull ensued. Fearing for her husband's safety, Garrett attempted to stop the altercation by bumping Hull with her vehicle. According to Garrett, she was only trying to stop the fight and had no intent to injure Hull.

¶ 3 Hull subsequently made claim against his own insurer, Third-party Defendant GHS Property and Casualty Insurance Company (GHS), and Garrett's insurer, Equity, for injuries he allegedly sustained when Garrett bumped him with her vehicle. GHS paid Hull pursuant to the uninsured/underinsured provisions of its policy.

¶ 4 However, Equity denied the claim. Equity then commenced the instant action, seeking a declaration of no liability to Hull and no duty to defend Garrett under its policy covering only "damages for 'bodily injury' ... for which any 'insured' becomes legally responsible because of an auto accident," and excluding "[c]overage for any person [w]ho intentionally causes 'bodily injury' or 'property damage.' "

¶ 5 Garrett filed a motion to dismiss, challenging the trial court's jurisdiction to render a declaratory judgment. Garrett argued that

any adjudication of her conduct as "intentional" would effectively determine her liability to Hull in tort, and that § 1651 of title 12, O.S. Supp.2004, absolutely and specifically proscribed such a declaration of tort liability:

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is. or could be claimed, *except that no declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment* or for compensation alleged to be due under workers' compensation laws for injuries to persons . . . .

(Emphasis added.) *See also, e.g., Independent School Dist. No. 56I002, Okmulgee County v. U.S. Fidelity and Guar. Co.,* 1998 OK CIV APP 160, 972 P.2d 1182; *Hyman–Michaels Co. v. Hampton,* 1970 OK 90, 471 P.2d 463.

¶ 6 Equity filed a response and objection to Garrett's motion to dismiss. Equity argued that it sought only a declaration of the parties' rights under the insurance contract, clearly a permissible subject for a declaratory judgment action under 12 O.S. Supp.2004 § 1651, which deleted from 12 O.S.2001 § 1651 [1] the previous, specific proscription of declaratory judgments "concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries." Laws 2004, c. 519, § 1. Moreover, said Equity, a judgment in the present case would have no effect on the availability or validity of Garrett's substantive defenses to any tort claim by Hull.

¶ 7 Equity also filed a motion for summary judgment, to which it attached evidentiary materials demonstrating the facts we have recounted. In support of its motion for summary judgment, Equity first asserted that the evidence uncontrovertedly demonstrated that Garrett intended to drive her vehicle into Hull, and that, regardless of her professed, subjective intent to cause no injury, Hull bore responsibility for the reasonably foreseeable and injurious consequences of her "intentional" act. *See, Willard v. Kelley,* 1990 OK 127, 803 P.2d 1124; *Sullivan v. Equity Fire and Cas. Co.,* 1995 OK CIV APP 2, 889 P.2d 1285. Moreover, said Equity, such an intentional act did not constitute an "accident" under the policy. *Willard,* 1990 OK 127, 803 P.2d at 1128–29; *Sullivan,* 1995 OK CIV APP 2, 889 P.2d at 1287.

¶ 8 Garrett responded, asserting that, "[i]n the context of life and accident insurance, contract terms are not analyzed under the tort principle of foreseeability." *Cranfill v. Aetna Life Ins. Co.,* 2002 OK 26, ¶ 10, 49 P.3d 703, 707. Rather, she argued, in an insurance context, "[i]t is only when the consequences of the act are so natural and probable as to be expected by any reasonable person that the result can be said. to be so foreseeable as not to be accidental," and "[t]he mere fact that [a] death [or injury] may have resulted from [the insured's] own negligence, or even gross negligence, does not prevent that death [or injury] from being accidental under the plain meaning of the word accident." *Cranfill,* 2002 OK 26, ¶ 11, 49 P.3d at 707. So, said Garrett, given her testimony that she did not intend to injure Hull, and viewing the testimony in the light most favorable to her, because reasonable people might differ on whether the complained-of event could be considered an accident, or whether the intentional-injury exclu-

---

**1.** "District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workers' compensation laws for injuries to persons or *concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries . . . ."* (Emphasis added.)

sion applied, Equity's motion for summary judgment should be denied.[2]

¶ 9 Upon consideration of the parties' briefs, submissions and argument, the trial court granted Equity's motion for summary judgment, finding "there is no coverage [by] the Equity policy under [the] circumstances" of this case. Garrett appeals, and the matter stands submitted for review on the trial court record.[3]

¶ 10 In the petition in error, Garrett raises two issues. Garrett first complains that, given her testimony establishing no intent to injure Hull, there exist unresolved controversies of material fact concerning whether a covered accident occurred, or whether the intentional-injury exclusion of the policy applies. Garrett secondly complains that, insofar as an adjudication of her "intent" in the present case amounts to an adjudication of her tort liability to Hull, § 1651 proscribes such a determination of rights. We address the second proposition first.

¶ 11 "Fundamental to statutory construction is to ascertain and give effect to legislative intent." *Humphries v. Lewis*, 2003 OK 12, ¶ 7, 67 P.3d 333, 335. Legislative intent is determined by reference to the plain language of a statute. *See, e.g., First Am. Bank and Trust v. Oklahoma Indus. Fin. Auth.*, 1997 OK 155, ¶ 19, 951 P.2d 625.

¶ 12 However, "[w]hen construing a statute which has been amended, we are mindful that the legislature may have intended either (a) to effect a change in the existing law, or (b) to clarify that which previously appeared doubtful." *Blitz U.S.A., Inc. v. Oklahoma Tax Com'n*, 2003 OK 50, ¶ 19, 75 P.3d 883, 889; *Magnolia Pipe Line Co. v.*

*Oklahoma Tax Commission*, 1946 OK 113, ¶ 11, 167 P.2d 884, 888. "Where the former statute was clear, or where its meaning had been judicially determined, the amendment may reasonably indicate that the intention of the legislature was to alter the law." *Id. Magnolia Pipe Line Co.*, 1946 OK 113, ¶ 11, 167 P.2d at 888. (Citations omitted.) "On the other hand[,] where the meaning of the former statute was subject to serious doubt, or where controversies concerning its meaning had arisen, it may be presumed that the amendment was made to more clearly express the legislative intention previously indefinitely expressed." *Id.* (Citations omitted.)

¶ 13 The 2001 codification of § 1651 specifically proscribed rendition of a declaratory judgment "concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries," but, in 2004, the Oklahoma Legislature struck that proscription from the statute. Section 1651 now only proscribes a declaratory judgment concerning either tort or workers' compensation liability.

¶ 14 In our view, the deletion of the insurance proscription from § 1651 clearly evinces a change in the law and our Legislature's intent to permit a declaratory judgment action to determine the rights and obligations of the insured and the insurer under a liability policy or a policy of indemnity against liability. Further, a declaration of the rights and obligations of Garrett and Equity in the present case neither determines Garrett's tort liability to Hull, nor affects the availability or validity of Garrett's substantive defenses to any tort claim by Hull. *See*, 17 Couch on Insurance, § 239:68 (3 rd Ed., West 2007);[4]

---

2. Third-party Defendant GHS filed a "joinder and adoption" of Garrett's response.

3. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

4. "When an insurer and insured oppose each other in a proceeding for a declaratory judgment concerning the validity of, or coverage under, a policy of liability insurance, there is not always the incentive on the part of the insured to vigorously contest the insurer's claims. Accordingly, when the insurer attempts to assert the judgment

in that proceeding as preclusive of a later action by the injured party, or by an insurer of that party, there is considerable authority that the earlier judgment is not binding in such new plaintiffs who were not party to the earlier declaratory judgment action. Where the issue of the merits of a third party's claim against the insured was improperly adjudicated in the insurer's declaratory judgment action to determine the issue of coverage, such adjudication did not collaterally estop the claimant from relitigating the merits of his or her claim against the insured."

*Truchinski v. Cashman*, 257 N.W.2d 286, 288 (Minn.1977).[5]

¶ 15 To construe the tort-proscription of § 1651 as Garrett argues would prevent the declaration of rights under a liability insurance policy anytime the question of the insured's potential tort liability is raised, and runs contrary to the intent of the statute as we see it. We consequently discern no bar to the present action by § 1651.

¶ 16 Moreover, Equity's policy covered only "damages for 'bodily injury' ... for which any 'insured' becomes legally responsible because of an auto accident," and excluded "[c]overage for any person [w]ho intentionally causes 'bodily injury' or 'property damage.'" Despite her protestation of no intent to injure Hull, Garrett admitted she intentionally drove her vehicle into Hull. The injurious consequences of driving a motor vehicle into a pedestrian, even at a slow rate of speed, cannot be considered otherwise than "so natural and probable as to be expected by any reasonable person," and "the result ... so foreseeable as not to be accidental." *Cranfill*, 2002 OK 26, ¶ 11, 49 P.3d at 707.

¶ 17 Under the uncontroverted facts of this case, Garrett's intentional act of driving her vehicle into Hull did not constitute an accident under Equity's policy. Absent an accident, Equity's policy provided no coverage, and the trial court so held. The order of the trial court is AFFIRMED.

ADAMS, P.J., and HANSEN, J., concur.

5. "Where the issue of the merits of the claim against the insured is improperly adjudicated in the insurer's declaratory judgment action to determine the issue of coverage, such adjudication does not collaterally estop the claimant from relitigating the merits of his claim against the insured.... Although we are not confronted with the issue of whether or not the merits of a pending action for personal injury damages could be litigated in a declaratory judgment action to determine an insurer's obligation to defend and indemnify its insured, we express doubt that such litigation on the merits could be entertained without the consent and participation of the injured party and his right to a jury determination of disputed fact issues...."