SCOTT L. PALK, UNITED STATES DISTRICT JUDGE
Before the Court is Plaintiff United Specialty Insurance Company's Motion for Summary Judgment and Brief in Support [Doc. No. 26]. Defendant Homeco, LLC has responded [Doc. No. 35] and Plaintiff has replied [Doc. No. 36]. Briefing is complete and the matter is ready for determination.[1]
I. Introduction
United seeks declaratory relief that, as a matter of law, no coverage exists under a commercial general liability insurance policy issued to Homeco for injuries sustained by Dr. Bob Palmer, an artist. Homeco owns certain commercial property and allowed Dr. Palmer to paint a mural on the exterior of one of its buildings. Homeco then caused the mural to be painted over without Dr. Palmer's knowledge or consent.
The issue before the Court is whether the destruction of the mural is property damage caused by an occurrence, defined under the insurance policy as an accident. United focuses on the intentional act of painting over the mural and argues Dr. Palmer's injuries were not the result of an accident. Conversely, Homeco argues the policy's use of the term "accident" is ambiguous. Homeco contends the resulting injuries to Dr. Palmer were not expected or intended by it and, therefore, the act of painting over the mural was accidental.
United further contends a certain policy exclusion applies for property damage expected or intended by the insured. And, United claims injuries to Dr. Palmer's integrity, reputation and prestige do not qualify as bodily injury under the policy and, therefore are not covered. Additionally, United claims Dr. Palmer's injuries do not qualify as "personal and advertising injury" as that term is defined in an endorsement to the policy. Finally, United claims punitive damages are not recoverable under the policy as a matter of Oklahoma law and pursuant to applicable exclusions under the policy.
*1234 Homeco argues the policy's exclusion for property damage expected or intended by the insured does not apply and further, that this exclusion purportedly demonstrates the ambiguity of the word accident in the policy. However, in its briefing, Homeco does not contest: (1) that damage to Dr. Palmer's integrity, reputation and prestige does not qualify as bodily injury under the policy; (2) that coverage does not exist for personal and advertising injury; or (3) that punitive damages are not covered under the policy. As these issues are not disputed by Homeco, United is entitled to declarations in its favor as to these issues.[2] In any event, the Court finds the intentional act of painting over the mural does not constitute an occurrence under the policy. Therefore, no coverage exists and United has no duty to defend or indemnify Homeco under the policy.
II. Governing Standard
"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is proper, the court does not weigh the evidence and determine the truth of the matter asserted, but determines only whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ; see also Birch v. Polaris Indus., Inc. , 812 F.3d 1238, 1251 (10th Cir. 2015). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. Adler v. Wal-Mart Stores, Inc. , 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. Id. In evaluating a motion for summary judgment, a district court must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. Sylvia v. Wisler , 875 F.3d 1307, 1328 (10th Cir. 2017).
III. Undisputed Facts
In 2014, Dr. Palmer painted a mural on the north, exterior wall of a building owned by Homeco. In 2017, Homeco leased the building to Alotta Action Advertising Inc. As part of the lease negotiations, Rex Baker, a member of Homeco, agreed on Homeco's behalf to have the exterior of the building painted a single color. As a result of these negotiations, Homeco had the exterior of the building painted, including painting over the mural.
Homeco is insured under a commercial general liability policy with United.[3] The policy provides coverage for the premises leased to Alotta. The insurance applies to "bodily injury" and "property damage" caused by an "occurrence." See Policy, Section I, ¶ 1(b)(1). Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. , Section V, ¶ 13. The policy excludes from coverage " 'property damage' expected or intended from the standpoint of the insured." Id. , Section I, ¶ 2(a).
In a separate, underlying action, Dr. Palmer sues Homeco and Alotta for intentionally painting over the mural. See Palmer v. Homeco , LLC, Case No. CIV-17-492-SLP (W.D. Okla. Compl. [Doc. No. 1] April 27, 2017). Dr. Palmer brings a federal claim under the Visual Artists Rights Act of 1990, 17 U.S.C. §§ 106A, 113 and a state law claim for gross negligence. In the underlying action, Dr. Palmer seeks compensatory, *1235 statutory or actual damages-including but not limited to damage to his honor and reputation-and punitive damages.
IV. Analysis
In this diversity action, the parties agree that Oklahoma substantive law governs the interpretation of the policy. See, e.g., Houtson Gen. Ins. Co. v. Am. Fence Co., Inc. , 115 F.3d 805, 806 (10th Cir. 1997) ("The interpretation of an insurance contract is governed by state law and, sitting in diversity, we look to the law of the forum state."). Oklahoma law provides that an insurance contract that is unambiguous is construed according to its plain terms. Max True Plastering Co. v. United States Fid. & Guar. Co. , 912 P.2d 861, 869 (Okla. 1996). Whether an insurance contract is ambiguous is a matter of law for the court to determine. Id.
Under well-settled Oklahoma law, the term "accident" when used in an insurance contract, has no technical legal meaning but instead should be construed "according to common speech and common usage of people generally." United States Fid. & Guar. Co. v. Briscoe , 205 Okla. 618, 239 P.2d 754, 756 (1951). Contrary to Homeco's argument that Briscoe's interpretation of accident is "outmoded and archaic," see Def.'s Resp. at 11, both the Oklahoma courts and federal courts applying Oklahoma law have relied on Briscoe for decades to conclude that the term accident is not ambiguous. See, e.g., Farmer's Alliance Mut. Ins. Co. v. Salazar , 77 F.3d 1291, 1297 (10th Cir. 1996) ("According to the Oklahoma Supreme Court, 'the words, 'accident' and 'accidental' have never acquired any technical meaning in law, and when used in an insurance contract, they are to be construed and considered according to common speech and common usage of people generally.' "); see also Cudd Pressure Control, Inc. v. New Hampshire Ins. Co. , 645 Fed.Appx. 733, 744 (10th Cir. 2016) ("The Oklahoma Supreme Court has held that the term 'accident' has no special meaning in the law, and is defined 'according to common speech and common usage of people generally.' ") (quoting Briscoe , 239 P.2d at 756 ).[4]
The term "accident" implies that an event was unintentional or was an "unexpected happening." Briscoe , 239 P.2d at 756-57. An accident generally occurs when "an unusual and unexpected result" follows the performance of a routine act or an unknown or unexpected cause results in an injury. Id. at 757. An accident is "a distinctive event that takes place by some unexpected happening, the date of which can be fixed with certainty." Id. at 621 (emphasis added).
Here, the parties agree that the act of painting over the mural is the event which determines whether an occurrence giving rise to coverage exists under the terms of the policy. This position is in accord with Oklahoma law. See, e.g., Salazar , 77 F.3d at 1296 (applying Oklahoma law and holding that the act which constitutes the occurrence must "be resolved by focusing on the injury and its immediately attendant causative circumstances").
*1236 Homeco does not contest that the painting over of the mural was intentional. Instead, Homeco insists that because it did not expect or intend to injure Dr. Palmer when it painted over the mural, the act was accidental. Homeco relies on the reasonable expectation doctrine to support its position-but that doctrine does not apply. See discussion supra, n. 4. Notably, Homeco cites no Oklahoma law to support its position and improperly rejects Briscoe as "archaic" without demonstrating that Briscoe does not apply or is otherwise distinguishable on its facts.
The Court concludes the painting over of the mural was not an accident. It did not take place by some unexpected happening. In reaching this result, the Court finds instructive the Tenth Circuit's decision in Salazar . In that case, the Tenth Circuit addressed policy language that defined an occurrence as "an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The Court held that "[t]he plain language of this definition indicates a two-part requirement. First, the incident at issue must have been 'an accident.' Second, the resulting injury must have been 'neither expected nor intended from the standpoint of the insured.' " Id. , 77 F.3d at 1297. Because the conduct at issue-a murder-was not an accident, the court found no coverage existed under the policy. Further, because the first requirement was not satisfied, the court deemed it unnecessary to determine whether the second requirement was met, i.e., whether the resulting injury was expected or intended from the standpoint of the insured.
Here, the policy language does not contain the second requirement. Rather, the policy's definition of occurrence is limited to "an accident."[5] Like the conduct at issue in Salazar , here the act of painting over the mural does not fit the definition of accident under Oklahoma law. Therefore, there was no occurrence within the plain language of the policy and coverage was not triggered.
Moreover, this result is consistent with other cases applying Briscoe to define "accident" which have rejected the argument made by Homeco that it neither expected nor intended the injuries sustained by Dr. Palmer. See, e.g., Shelter Mut. Ins. Co. v. Wheat , 313 Fed.Appx. 76, 81 n. 2 (10th Cir. 2008) (rejecting insured's argument that "the unintended consequences of an intentional act ... should be considered an 'accident' under Oklahoma law"); Sphere Drake Ins. P.L.C. v. D'Errico , 4 Fed.Appx. 660, 662-63 (10th Cir. 2001) (under Oklahoma law, where policy covered only that injury caused by an occurrence, defined as an "accident," death was not covered; although death may not have been intended, death was "caused by acts that were intended to cause offensive contact" and such intentional conduct was not an accident); Equity Ins. Co. v. Garrett , 178 P.3d 201, 205 (Okla. Civ. App. 2008) (where insured did not intend to injure pedestrian but admitted she intended to bump the pedestrian with her vehicle, resulting injury was not accidental); see also Couch on Insurance 3d § 126:27 ("[T]he more sound view ... place[s] the focus on the insured, rather than the victim of the misfortune. In accordance with this view, where the harm is the natural result of the voluntary and intentional acts of the insured, it is not *1237 'caused by accident' even though the result may have been unexpected, unforeseen, and unintended.") (citing cases).
Because the painting over the mural was not an accident it was not an occurrence within the meaning of the policy. Therefore, no coverage exists under the policy. This conclusion deems it unnecessary for the Court to determine whether the policy's exclusion applies for property damage expected or intended from the standpoint of the insured. As set forth above, Homeco has not disputed, and therefore, has conceded that the policy does not provide coverage for: (1) damages to Dr. Palmer's honor, integrity and prestige; (2) personal and advertising injury liability; or (3) punitive damages.[6]
V. Conclusion
In sum, United is entitled to a declaration that it is not obligated to defend or indemnify Homeco under the policy in connection with Dr. Palmer's claims brought against it in the underlying lawsuit, Palmer v. Homeco , LLC, Case No. CIV-17-492-SLP (W.D. Okla.). United's Motion for Summary Judgment [Doc. No. 26] is GRANTED.
IT IS SO ORDERED this 12th day of July, 2018.

Defendants Alotta and Palmer each filed answers to the Complaint [Doc. Nos. 9, 14] but neither of these parties has filed a response to United's motion for summary judgment. Alotta and Palmer are named only as "contingent claimants," see Compl. [Doc. No. 1], ¶¶ 24-25, and the only contention brought by them in this lawsuit is that if Homeco were to prevail, they may contend they are beneficiaries of any insurance coverage. See Joint Status Report [Doc. No. 16], ¶ 4(c) and (d).

See also LCvR 7.1(g).

See United Specialty Insurance Company Commercial Lines Policy [Doc. No. 26-8].

For this reason, the Court rejects Homeco's argument that Oklahoma's reasonable expectations doctrine should apply. Oklahoma law requires application of the doctrine only where the terms of the insurance contract are ambiguous, or an exclusion is technical, obscure or hidden. See, e.g., Edens v. The Netherlands Ins. Co. , 834 F.3d 1116, 1120-21 (10th Cir. 2016) (citing Am. Econ. Ins. Co. v. Bogdahn , 89 P.3d 1051, 1054 (Okla. 2004) ). Homeco fails to demonstrate that here, any of the circumstances required for application of the doctrine are present. The term "accident" is not ambiguous nor is it part of the policy's coverage exclusions.

The policy's definition of "occurrence" includes "continuous or repeated exposure" to harmful conditions. See Policy, Section V, ¶ 13. Here, there is no claim that the destruction of the mural resulted from any such harmful conditions. Thus, the dispositive inquiry is whether the destruction of the mural resulted from an accident.

Homeco makes a circuitous argument that United has a duty to defend because the policy covers property damage and the destruction of the mural is "clearly 'tangible property.' " Def.'s Resp. at 13. As United points out in reply, however, Homeco's argument "selectively edits the Policy's actual language, which provides coverage for 'property damage' only when caused by an occurrence. " Pl.'s Reply at 9-10. For the reasons set forth, the property damage at issue was not caused by an occurrence.